UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JON ALVIN, CIVIL NO. 00-1510 (DSD/JMM)

Plaintiff,

v. ORDER

ANTHONY DiIOIA, JAMES FRANK,
and WASHINGTON COUNTY,

Defendants.

The above matter came on for hearing before the undersigned on January 17, 2001 upon Plaintiff's Motion to Compel [Docket No. 8]. Eric Hageman, Esq. appeared on behalf of Plaintiff; Scott Anderson, Esq. appeared on behalf of Defendants James Frank and Washington County. There were no other appearances.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel [Docket No. 8] is denied. Pursuant to Fed. R. Civ. P. 37(a)(4)(B), Plaintiff is ordered to pay a sanction in the amount of $250.00 to Defendants James Frank and Washington County, for the reasons placed on the record at the time of the hearing.

Dated: January 23, 2001

JOHN M. MASON
United States Magistrate Judge

JAN 24 2001
DOSAL, CLERK

**MEMORANDUM**

The reasons for the Court's ruling on Plaintiff's Motion, and for the imposition of sanctions, were placed on the record at the hearing on Plaintiff's Motion. However, we believe it would be worthwhile to elaborate on one issue raised by the Motion. Specifically, this Memorandum will address the question of whether the provisions of the Minnesota Data Practices Act ("MDPA"), Minn. Stat. §13.01 *et seq.*, apply to proceedings in federal court.

The answer to this question is dictated by the Erie doctrine, so named after the case in which the Supreme Court first established in which instances a federal court must apply state, rather than federal, law. See Erie RR Co. v. Tompkins, 304 U.S. 64 (1938). As the Erie doctrine has developed, federal courts have held that state law must be applied to any issue or claim which has its source in state law, whereas federal law is applied to purely procedural issues. Maternally Yours, Inc. v. Your Maternity Shop, Inc., 234 F.2d 538, 540 n. 1 (2d Cir. 1956). Cf. Kampa v. White Consol. Indus., Inc., 115 F.3d 585, 587 (8th Cir. 1997)("Later cases refining the Erie doctrine have held that the federal court should apply the law of the state, rather than federal law, if the right in question is bound up with the substantive claim created by state law.")(citations omitted).

Therefore, the question becomes whether the MDPA establishes substantive rights, in which case it must be applied by the Court in this case, or whether the MDPA is merely a procedural statute, in which case it need not be followed in federal cases. In making this determination, we must decide whether application of the MDPA would "have so important an effect upon the fortunes of one or both of the litigants" that failure to apply

it would unfairly discriminate against citizens of Minnesota, or be likely to cause a plaintiff to choose to bring the action in federal rather than state court. Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 428 (1996)(citing Hanna v. Plumer, 380 U.S. 460, 468 n. 9 (1965)).

The Minnesota statute at issue in this case establishes, among other things, the right of access by members of the public to certain governmental information. Minn. Stat. §13.03. The statute also establishes rights for individuals regarding whom the government possesses personal information. Minn. Stat. §13.04. The MDPA allows individuals to seek monetary damages, as well as injunctions, for violations of their rights under the MDPA. Minn. Stat. §13.08. In sum, while the MDPA does contain procedural instructions, "the State's objective is manifestly substantive." See Gasperini, 518 U.S. at 429 (finding a New York statute substantive, for purposes of Erie analysis, on that same basis).

We think it is clear that the MDPA provides individuals with substantive rights with respect to certain government-held information. To hold that those rights do not apply in federal courts would likely cause potential plaintiffs to litigate in federal, rather than state, court. Denying these rights to federal court litigants would lead to the very forum-shopping that Erie sought to discourage. See Gasperini, 518 U.S. at 428 (citation omitted). We hold that the provisions of the MDPA apply to this case.

The parties have brought to our attention the Court's Order in Woods v. Strong, Civil No. 98-119 (D. Minn. Dec. 1, 1998). While that Order refers to the MDPA as containing a "state privilege," the Court in Woods did not find it necessary to analyze the

question of whether the MDPA was substantive or procedural, and went on to apply the standards of the MDPA with respect to the plaintiff's Motion to Compel.

JMM