UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1510 (DSD/JMM)

Jon Alvin,

Plaintiff

v. **ORDER**

Anthony DiIoia, et al.

Defendants

Robert Bennett, Esq., Eric Hageman, Esq. and Gartner Bennett & Schupp, 2200 One Financial Plaza, 120 South Sixth Street, Minneapolis, MN 55402-1824, counsel for plaintiff.

James R. Andreen, Esq., Paul D. Reuvers, Esq. and Erstad & Riemer, 1000 Northland Plaza, 3800 West 80th Street, Minneapolis, MN 55431-4409, counsel for defendant Anthony DiIoia.

Scott T. Anderson, Esq., Margaret Skelton, Esq. and Ratwik, Roszak & Maloney, 300 Peavey Building, 730 Second Avenue South, Minneapolis, MN 55402, counsel for defendants James Frank and County of Washington.

This matter is before the court on plaintiff's appeal of the order of the Magistrate Judge John M. Mason dated January 24, 2001, [Docket No. 17] denying plaintiff's motion to compel discovery and sanctioning plaintiff's counsel in the amount of $250. The order denied plaintiff's motion to compel and sanctioned plaintiff's counsel on the basis that, among other things, plaintiff's counsel failed to properly identify the documents at issue in the motion,

FILED 2-27-01
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ____________
Deputy Clerk's Initials ______

failed to adequately confer with defense counsel prior to bringing the motion, failed to abide by the magistrate judge's pretrial order and the local rules of practice for this district and violated the terms of a protective order. On appeal, plaintiff contends that the order of the magistrate judge was extreme, unwarranted and clearly erroneous. Plaintiff also contends that the magistrate judge failed to make requisite findings on the record before sanctioning plaintiff's counsel.

A party seeking to overturn a discovery ruling of a magistrate judge bears a heavy burden. See Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991). This court will overturn the decision of a magistrate judge on a pretrial matter only if such decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); D. Minn. L.R. 72.1(b)(2) ("[a] Judge of Court shall consider the appeal and set aside any portion of the Magistrate Judge's Order found to be clearly erroneous or contrary to law.").

The clearly erroneous standard requires that the court affirm the decision of the magistrate unless it "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Industries, 847 F.2d 1458, 1461-62 (10th Cir.1988)(*quoting* United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 542, 92 L. Ed. 746 (1948)). Because a magistrate judge is afforded broad discretion in the resolution of nondispositive discovery disputes, the court

will generally grant the magistrate great deference and overrule the magistrate judge's determination only if this discretion is clearly abused. Detection Systems, Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D.N.Y. 1982). See also Sil- Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1514 (10th Cir. 1990). Thus, in reviewing a sanction under Rule 37, in order for the order of the magistrate judge to be considered clearly erroneous or contrary to law, this court must conclude that the magistrate judge abused his discretion. Chrysler Corp. v. Carey, 186 F.3d 1016, 1019 (8th Cir. 1999); see also Dillon v. Nissan Motor Co., 986 F.2d 263, 267 (8th Cir. 1993) (abuse of discretion standard of review applies to the decision to impose sanction, the nature of the sanction imposed, and the factual basis for the decision to impose sanctions).

After reviewing the record and the relevant case law, the court finds nothing contrary to law nor clearly erroneous in the conclusion of the magistrate judge that plaintiff's motion to compel discovery should be denied in its entirety since the plaintiff's failure to specifically identify the documents at issue in the motion prevented the magistrate judge from determining whether production was warranted, plaintiff failed to comply with the local rules and the pretrial order, plaintiff's counsel failed to adequately confer with opposing counsel prior to filing the motion, and given the determination of the magistrate judge that plaintiff's counsel had violated a protective order by attaching

two documents under that order to an affidavit filed in support of the discovery motion.

The court also does not agree with plaintiff's contention that the decision of the magistrate judge to award sanctions in denying plaintiff's motion is contrary to law. The magistrate judge is not only allowed deference in making the determination of whether sanctions are warranted, but is also afforded discretion to impose the most appropriate sanction under the circumstances. See Chrysler, 186 F.3d at 1020. Thus, given the applicable standard of review, it is irrelevant whether this court would have imposed the same sanction as the magistrate judge, but rather this court is limited to considering whether the magistrate judge has abused his discretion. See id. After a careful review of the record and the applicable case law, the court concludes that the magistrate judge made all requisite findings, did not act contrary to law and did not abuse his discretion in sanctioning plaintiff's counsel.

Accordingly, order of the magistrate judge dated January 24, 2001 [Docket No. 17] is affirmed in all respects and **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to compel discovery is denied; and

2. Plaintiff's counsel is sanctioned $250, to be paid in accordance with the magistrate judge's order.

Dated: February 27, 2001

David S. Doty, Judge
United States District Court